UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WYNDHAM H. GABHART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No: 1:06-cv-773-WTL-LJM |
| | ) |
| INDIANA BOARD OF LAW EXAMINERS, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on the Motion to Dismiss filed by Defendant Indiana Board of Law Examiners ("the Board") pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The motion is fully briefed and the Court, being duly advised, **GRANTS** the Board's Motion to Dismiss for the reasons set forth below.

*Factual Background*

The facts relevant to the instant motion are not in dispute. On February 1, 2006, Wyndham H. Gabhart, an attorney licensed to practice law in Mississippi, applied for admission to the bar of Indiana by filing an Application for Foreign License with the Board. On that application, Gabhart represented that he had engaged in law office study as opposed to attending law school, and further represented that he had been admitted to the Mississippi Bar in 1979 on the basis of his practical course of study. Upon reviewing Gabhart's application, the Board denied Gabhart's request for admission to practice law in Indiana and notified Gabhart of its decision, advising Gabhart that his application had been denied due to the fact that he had not graduated from an ABA accredited law school, a requirement mandated by Rule 6(h) of the

Indiana Rules of Court, Rules for Admission to the Bar and the Discipline of Attorneys (the "Admission and Discipline Rules").[1]  After receiving notification that his application had been denied, Gabhart requested and was granted an appearance before the Board to dispute this denial.  Gabhart appeared before Defendant on April 21, 2006, and received an oral denial of his application at that time.  On April 27, 2006, Gabhart received a written denial of his application stating that Gabhart failed to meet Indiana's educational and character and fitness requirements necessary for admission to the Indiana Bar.  Subsequent to receiving the April 27, 2006, denial letter, Gabhart filed a document entitled "Notice of Removal" in this court, instituting this action.  On June 8, 2006, Gabhart filed a document entitled "Complaint of Defendant" in which he seeks an injunction against the Board enjoining it from enforcing against him the requirement, as set forth in Admission and Discipline Rule 6(h), that an applicant for admission to the Indiana Bar graduate from an ABA accredited law school and ordering the Board to grant Gabhart admission to the Indiana Bar and the right to practice law in Indiana associated therewith.

*Discussion*

The Board has moved to dismiss Gabhart's Complaint on several grounds.  Only one must be considered, because it is dispositive:  Gabhart's claim against the Board is barred by the Eleventh Amendment.  The Eleventh Amendment provides:

---

[1]Indiana Admission and Discipline Rule 6 provides, in relevant part, that:

> A person who has been admitted to practice law in the highest court of law in any other state . . . may be granted a provisional license to practice law in Indiana upon a finding by the State Board of Law Examiners that said person has met each of the following conditions . . .
>
> (h) The applicant has graduated from an ABA accredited law school.

Admis.Disc.R. 6.

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of any Foreign State.

U.S. Const. amend. XI. "The Eleventh Amendment bars suit against an entity in addition to the state itself, when the defendant is an 'arm' or 'alter ego' of the state." *Thiel v. State Bar of Wisconsin*, 94 F.3d 399, 400 (7th Cir. 1996). In *Thiel*, the court considered whether the State Bar of Wisconsin was entitled to Eleventh Amendment immunity and enumerated three relevant factors: (1) the extent of control the State Supreme Court exercised over the Bar; (2) whether the Bar acted as the agency of the State Supreme Court when taking the action in question; and (3) the effect of any judgment against the Bar on the state treasury. *Id.* However, the court noted, the third factor is rendered irrelevant by a finding that the first two factors weigh in favor of affording Eleventh Amendment immunity to the entity.[2] *Id.*

Applying the relevant factors to the instant case, clearly the Indiana State Supreme Court exercises a great deal of control over the Board. The Indiana Supreme Court has established a variety of rules, namely, the Admission and Discipline Rules, which provide for the existence of the Board and regulate the Board's function and authority as pertain to admission to the Indiana Bar and the discipline of attorneys. More specifically, Admission and Discipline Rule 9 provides for the existence of the State Board of Law Examiners and mandates the composition of

---

[2]Gabhart argues that the Eleventh Amendment does not bar his suit because he seeks only injunctive, not monetary, relief. This argument is without merit. "[T]he 'Eleventh Amendment does not exist solely to prevent federal court judgments that must be paid out of a State's treasury'"; in fact, "'the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment.'" *Thiel*, 94 F.3d 399 at 401 (quoting *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)). Indeed, the Supreme Court has noted: "'It would be a novel proposition indeed that the Eleventh Amendment does not bar a suit to enjoin the State itself simply because no money judgment is sought.'" *Seminole*, 517 U.S. at 58 (quoting *Cory v. White*, 457 U.S. 85, 90 (1982)).

the Board itself, as well as the terms of office for each member of the Board.[3]  Admission and Discipline Rule 10 provides for the compensation of the Board members to be fixed by the Indiana Supreme Court, as well as for the Board to prescribe forms and adopt rules as necessary, provided that the purpose is not inconsistent with the Indiana Rules of Court and the Admission and Disciplinary Rules.  Admis.Disc.R. 10.  The Indiana Supreme Court also retains control over the duties of the Board in that it dictates the role that the Board is to fulfill in regard to the admission of attorneys and provides that the Board shall conduct an inquiry into the character, fitness and qualifications of those individuals seeking to be admitted to the Indiana Bar, with such inquiry focusing upon criteria set forth by the Indiana Supreme Court.  Admis.Disc.R. 12.  The Indiana Supreme Court likewise sets forth the rules and procedures governing an appeal from the Board's determination, allowing the bar applicant to request a hearing before the Board (with the hearing panel to be comprised in a specified fashion), and, if necessary, to file an appeal with the Indiana Supreme Court.  Admis.Disc.R. 12, 14.  Ultimately, it is the Indiana Supreme Court that possesses sole jurisdiction over the admission of an attorney to the Indiana Bar.  *See* Indiana Code § 33-24-1-2.  For all intents and purposes, therefore, the Board operates under the control of the Indiana Supreme Court.  Thus, this factor weighs in favor of finding the Board to be an arm of the State of Indiana.

The next factor to be considered is whether the Board acted as the agent of the Indiana Supreme Court when it denied Gabhart's admission to the Indiana bar.  Inasmuch as the

---

[3]For example, Rule 9 provides for the Board to be comprised of "ten (10) members of the bar, two (2) from each Supreme Court judicial district . . . appointed by th[e] Court to serve for terms of five (5) years or until their successors are appointed."  Admis.Disc.R. 9.  Moreover, the Rule mandates that the Board must annually elect a president, vice-president, secretary, and treasure, and the Indiana Supreme Court will appoint someone to serve as the Executive Director of the Board.  *Id.*

Admission and Discipline Rules upon which the Board relied in making its decision were adopted by the Supreme Court of Indiana, *see* Indiana Code § 33-24-10-1, there can be no question that the Board functioned as an agent of the Indiana Supreme Court in denying Gabhart's application. Thus, this factor also weighs in favor of finding that the Board constitutes an arm of the State of Indiana.

As noted above, inasmuch as the first two factors weigh in favor of affording Eleventh Amendment immunity to the Board, it is not necessary to consider the third factor. The Board is and arm of the state for purpose of Eleventh Amendment immunity, and Gabhart's claims against the Board therefore are prohibited by the Eleventh Amendment.

*Conclusion*

For the reasons set forth above, because Gabhart's claim against the Board is barred by the Eleventh Amendment, the Defendant's motion to dismiss is **GRANTED**.

SO ORDERED:   03/07/2007

*William T Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Chadwick C. Duran
INDIANA STATE ATTORNEY GENERAL
cduran@atg.state.in.us

Fremont O. Pickett
fpickett@rtccom.net